NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30284 |
| Plaintiff - Appellant, | D.C. No. 3:15-cr-00012-RRB-KFM-1 |
| v. | |
| DUSTIN MICHAEL SCHIRF, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Senior District Judge, Presiding

Argued and Submitted June 6, 2016
Seattle, Washington

Before: PAEZ and BYBEE, Circuit Judges and TIGAR,[**] District Judge.

The United States appeals the district court's order suppressing evidence

obtained during a warrantless search of Dustin Schirf's home. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jon S. Tigar, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

The district court correctly determined that the emergency aid exception did not excuse the troopers' warrantless entry into Schirf's home. *See Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). A warrantless entry is justified under the emergency aid exception when, based on the totality of the circumstances: (1) the officers had an objectively reasonable basis for believing that there "was an immediate need to protect others or themselves from serious harm," and (2) the manner and scope of the search were reasonable. *United States v. Snipe*, 515 F.3d 947, 952 (9th Cir. 2008).

Here, it was objectively unreasonable for the troopers to believe that entry into Schirf's trailer was necessary to protect themselves or others from imminent harm. Upon arriving at the scene, officers saw no signs of a disturbance: no angry voices, no broken glass, no blood, no door ajar, and nobody visibly hurt or upset. *Compare id.* at 949; *United States v. Martinez*, 406 F.3d 1160, 1162-63 (9th Cir. 2005); *United States v. Brooks*, 367 F.3d 1128, 1130 (9th Cir. 2004). All they heard was loud music playing at what appeared to be a Halloween party. Moreover, the woman who answered the door denied that any domestic violence incident had occurred or that any shots had been fired. Although the troopers later discovered that Schirf was armed, that fact does not excuse the warrantless entrance by Trooper Fowler because he did not know Schirf had a weapon at the

2

time he entered.  Under these circumstances, the troopers could not rely solely on the content of the 911 call, which did not identify Schirf's trailer specifically, to justify their warrantless search.[1]

**AFFIRMED.**

---

[1] Because we agree with the district court on prong one of the emergency aid exception analysis, there is no need to address whether the manner and scope of the search were reasonable.

*United States v. Schirf*, No. 15-30284

BYBEE, Circuit Judge, dissenting:

I would find that the officers did have a reasonable basis for the warrantless entry into Schirf's trailer, and would reverse the decision of the district court. The officers received a report of gunshots fired from a high-powered rifle, and a woman screaming "Stop, help, stop, stop." Schirf's trailer was the only residence in the area fitting the 911 caller's description of the location of the gunshots. When the officers made contact with the residents of the trailer, Melody Miller, the woman who answered the door, admitted that she was the person who had screamed, but then insisted, bizarrely, that it was in fact a goat on the property who had screamed for help. The officers were not required to take Miller at her word that everyone in the house was fine in light of the other circumstances, i.e., a report of gunshots and screams for help coming from the residence, and Miller's strange response to the officers' questions.

Moreover, one of the individuals the officers pulled out of the house was indeed armed with a handgun, and attempted to conceal this from the officers: Schirf. The fact that Schirf was armed, and had initially attempted to conceal this fact, added another element of concern for safety—both the safety of the officers as they attempted to investigate the situation and the safety of everyone else, as

1

Trooper Vik testified. *See United States v. Snipe*, 515 F.3d 947, 951–52 (9th Cir. 2008) ("Considering the totality of the circumstances, law enforcement must have an objectively reasonable basis for concluding that there is an immediate need to protect others *or themselves* from serious harm.") (emphasis added). Most importantly, perhaps, the officers knew there were multiple people in the house—they could hear them—and the officers still had not located the rifle that had fired the shots. The circumstances the officers confronted when they arrived at the scene were not sufficient to negate the reasonableness of the officers' belief, based on the serious nature of the 911 call, that they were confronting an emergency and that someone in Schirf's trailer could be in need of emergency aid. I respectfully dissent.